## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

**UNITED STATE OF AMERICA,**

       **Plaintiff,**

**v.**                                                  **Case No.: 3:11cr7/MCR**

**FLOYD SCOTT MOONEY,**

       **Defendant.**

_____/

### ORDER

This matter is before the court on the defendant's Motion for New Trial (doc. 42), to which the government has responded in opposition (doc. 49). Having considered the defendant's motion and the government's response, the court finds that the defendant's motion should be denied.

**BACKGROUND**

The defendant was convicted on March 23, 2011, of possession of a firearm or ammunition by a convicted felon. Before trial, the defendant filed a motion to suppress evidence of firearms and ammunition seized during a search of his residence, claiming the search was made without a warrant and without valid consent. Following an evidentiary hearing, the court denied the defendant's motion, finding that the search was valid. Specifically, the court found that the defendant's wife, Jessica Coleman, gave valid consent to search the residence and that the defendant, who was present when the search was conducted, never objected.[1] The defendant renewed his motion to suppress at trial – both at the close of the government's case and at the close of all the evidence – and also made a motion for judgment of acquittal based on alleged insufficient evidence of guilt.

---

[1] The court's finding with regard to the defendant's lack of objection was based on the testimony of Coleman and three sheriff's deputies, all of whom testified unequivocally that the defendant never objected to the search.

The court denied both motions.  The defendant has filed a motion for a new trial, arguing that the court erred in that regard.  The defendant also claims that the court erred in overruling certain objections at trial and in denying his motion for a mistrial based on alleged inappropriate argument by counsel for the government.  For the reasons set forth below, the court finds that, to the extent it erred, the defendant's substantial rights were not affected and that his motion, therefore, should be denied.

**DISCUSSION**

I.      Motion to Suppress

In support of his claim that the court erred in denying his motion to suppress, the defendant points to the trial testimony of Guy Beard regarding the defendant's whereabouts on the evening prior to his arrest, which he claims contradicted and thus undermined Coleman's testimony at the suppression hearing.[2]  Even if Beard's testimony was inconsistent with Coleman's, which is not altogether clear, such an inconsistency would have no bearing on the court's decision regarding the legality of the search.  Indeed, the defendant's whereabouts on the evening prior to the search is irrelevant to the court's decision regarding the validity of the search and, furthermore, even if the court discredited Coleman's testimony because of the alleged inconsistency, the result would be the same based on the testimony of the three law enforcement officers.  The court thus finds that it did not err in denying the defendant's motion to suppress.

II.     Motion for Judgment of Acquittal

The court also finds that the defendant is not entitled to a judgment of acquittal. When considering a motion for judgment of acquittal based on the sufficiency of the evidence, the court must consider the evidence "in the light most favorable to the government and resolve all reasonable inferences and credibility evaluations in favor of the jury's verdict."  *United States v. Schmitz*, 634 F.3d 1247 (11th Cir. 2011) (internal quotation marks and citation omitted).  "The evidence need not exclude every reasonable hypothesis

---

[2]  Coleman testified at the suppression hearing that she spent the night at the couple's home the evening prior to the defendant's arrest.  Beard testified at trial that he was with the defendant at the Wind Creek Casino in Atmore, Alabama, until after midnight the evening before the defendant was arrested.

of innocence or be wholly inconsistent with every conclusion except that of guilt, provided that a reasonable trier of fact could find that the evidence established guilt beyond a reasonable doubt." *Id.* (internal quotation marks and citation omitted). Viewed in the light most favorable to the government, the evidence at trial established that the defendant was a convicted felon who knowingly possessed six firearms and numerous rounds of ammunition in his home. Morever, the defendant testified at trial. "[W]hen a defendant takes the stand in a criminal case and exposes [his] demeanor to the jury, the jury may make adverse determinations about [his] credibility and reject [his] explanation as a complete fabrication." *Id.* at 1264 (internal quotation marks and citation omitted). "The testifying defendant thus 'runs the risk that if disbelieved the jury might conclude the opposite of [his] testimony is true.'" *Id.* (quoting *United States v. Brown*, 53 F.3d 312, 314 (11th Cir.1995)). "And, at least where 'some corroborative evidence of guilt exists for the charged offense[,]' as in this case, 'the defendant's testimony, denying guilt, may establish, by itself, elements of the offense.'" *Id.* at 1265 (quoting *Brown*, 53 F.3d at 314–15). "'This rule applies with special force where the elements to be proved for a conviction include highly subjective elements,'" such as "'the defendant's intent or knowledge.'" *Id.* (quoting *Brown,* 53 F.3d at 315). In this case, the defendant was charged with knowingly possessing a firearm or ammunition after having been convicted of a felony. The government's evidence, coupled with the defendant's testimony, which the jury rejected, amply supports the defendant's conviction on that charge.

III.   <u>Motion for New Trial</u>

    A.   Prosecutorial Misconduct: Questions and Remarks
             Regarding the Veracity of Other Witnesses

    The defendant also seeks a new trial based on the court's rulings on certain objections at trial and the denial of his motion for a mistrial. Specifically, the defendant argues the court erred in overruling his counsel's objections to cross-examination questions

designed to "unnecessarily pit him against law enforcement and other witnesses."[3]  In order to establish prosecutorial misconduct, the defendant must show that (1) the questions or comments were improper; and (2) they prejudicially affected his substantial rights.  *See id* at 1267.  "A defendant's substantial rights are prejudicially affected when a reasonable probability arises that, but for the remarks, the outcome [of the trial] would be different." *United States v. Wilson*, 149 F.3d 1298, 1301 (11th Cir. 1998) (internal quotation marks and citation omitted).  The court considers the following four factors in determining whether the alleged misconduct had a reasonable probability of affecting the outcome of the trial: "(1) the degree to which the challenged remarks have a tendency to mislead the jury and to prejudice the accused; (2) whether they are isolated or extensive; (3) whether they were deliberately or accidentally placed before the jury; and (4) the strength of the competent proof to establish the guilt of the accused."  *United States v. Lopez*, 590 F.3d 1238, 1256 (11th Cir. 2009).  "Prosecutorial misconduct must be considered in the context of the entire trial, along with any curative instruction."  *Id.*  To the extent the government's questions elicited testimony from the defendant regarding the veracity of other witnesses' testimony, they were improper and should not have been allowed over counsel's objection.[4]  *See Schmitz*, 634 F.3d at 1268.  Considering the four factors listed above, however, the court finds that neither the questions posed by the government's counsel nor the defendant's

---

[3] On cross-examination, counsel for the government asked the defendant whether he told the sheriff's deputies that they could not search his residence.  After the defendant responded that he had, counsel for the government asked the defendant if he was telling the jury that the deputies were mistaken when they testified otherwise.  Defense counsel objected to the question as a "mis-characterization," and the court overruled the objection.  Counsel for the government then attempted to get the defendant to acknowledge the deputies' testimony.  Defense counsel again objected, this time on the basis that the question had already been asked and that counsel for the government continued to ask the question for an improper purpose.  The court overruled the second objection as well, finding that the government was entitled to point out inconsistencies in testimony.  Counsel for the defendant agreed with the court's finding, but argued that counsel for the government was asking the question repeatedly in an attempt to provoke argument from the defendant.  The court again overruled the objection.  Counsel for the government then asked the defendant if the deputies were telling the truth when they testified that the defendant never objected to the search.  Defense counsel did not object to that question.

[4] As noted above, counsel for the defendant did not object when counsel for the government asked the defendant if the sheriff's deputies testified truthfully.  Because defense counsel objected to several preceding and related questions, however, the court finds that the defendant's objections were sufficient to allow him to challenge the entire line of questioning.  *See Wilson*, 149 F.3d at 1300 fn.5.

responses had a reasonable probability of affecting the outcome of the trial.  Indeed, neither the questions nor the defendant's responses were misleading in any way; to the extent they were prejudicial, they were only minimally so.  Although the questions were asked deliberately, they were fairly isolated and not intended to prejudice the defendant.  And there was substantial evidence of the defendant's guilt.  Moreover, before closing arguments, the court specifically instructed the jury that it was to decide whether it believed what each witness had to say and how important that testimony was and that, in making such decision, the jury could believe or disbelieve any witness, in whole or in part.  The court also instructed the jury that it should evaluate the defendant's testimony and assess its credibility the same as it did for other witnesses.  In light of the above, the court finds that the defendant's substantial rights were not prejudicially affected by the government's questions or the defendant's responses.  *See United States v. Thomas*, 453 F.3d 838, 846 (7th Cir. 2006); *United States v. Sullivan*, 85 F.3d 743, 750 (1st Cir. 1996).

The defendant also complains that the court erred when it overruled his counsel's objections during the government's closing argument and denied his motion for a mistrial in regard to the following statement of the Assistant United States Attorney: "You have to ask yourself: do you believe the Defendant, or do you believe the officers?"  According to the defendant, the comment "was accompanied by multiple requests that the jury use their common sense as well as assertions regarding the careers of the various law enforcement officers, improperly vouching for their credibility."  An attorney may express his opinion or knowledge of the case as it was presented before the court and jury as long as the attorney "makes it clear that the conclusions he is urging are conclusions to be drawn from the evidence."  *Schmitz*, 634 F.3d at 1270 (internal quotation marks and citation omitted).  In other words, "a prosecutor is justified in arguing during closing arguments that a particular witness is lying, if that is an inference supported by the evidence at trial."  *Id.*  Indeed, although "[a] prosecutor's remarks are improper if they attempt to bolster the credibility of a witness based on the government's reputation or through alluding to evidence not permitted at trial . . . [t]his prohibition against vouching does not . . . forbid prosecutors from arguing credibility."  *Lopez*, 590 F.3d at 1256.  *Id.*  Comments regarding a witness's

credibility are not permissible, however, when they are a "clear continuation of the improper questions posed previously during a defendant's cross-examination."  *Schmitz*, 634 F.3d at 1270.  Although counsel for the government was not attempting to bolster the credibility of its witnesses based on any association with the government when he suggested that the jury needed to decide whom to believe, such a statement at least arguably was improper as a continuation of the improper cross-examination questions regarding the truthfulness of the deputies' testimony and should not have been allowed.  Again, however, considering the court's instructions to the jury – which included, in addition to the instructions cited above, an instruction that anything the lawyers say is not evidence in the case and is not binding on them[5] – and the overwhelming evidence of guilt, the court finds that the remarks did not prejudicially affect the defendant's substantial rights.  *See Lopez*, 590 F.3d at 1256 (noting that "[b]ecause statements and arguments of counsel are not evidence, improper statements can be rectified by the district court's instruction to the jury that only the evidence in the case be considered"); *Johnson v. Alabama*, 256 F.3d 1156, 1184-85 (11th Cir. 2001) (noting that juries are presumed to follow instructions as to the evidence it may consider); *see also Thomas*, 453 F.3d at 846; *United States v. Boyd*, 54 F.3d 868, 872 (D.C. Cir. 1995).

   B.     Prosecutorial Misconduct: Shifting the Burden of Proof

   The defendant further contends that the court erred in overruling objections to the government's attempt to improperly shift the burden of proof.[6]  Even assuming, *arguendo*, that counsel for the government suggested during closing argument that the defendant bore the burden of proof, any possibility of prejudice was cured by the court's instructions to the jury regarding the government's burden of proof and the absence of any burden on the defendant.  *Schmitz*, 634 F.3d at 1267 (noting that the Eleventh Circuit has held that any comment that could result in a shifting of the burden of proof may be cured by an

---

   [5]  The court gave this instruction both before and immediately following the government's closing argument.

   [6]  In his motion, the defendant refers only to the "government's 'burden shifting'" and offers no explanation or description of the comments he challenges.

instruction regarding the burden of proof).

    C.    Prosecutorial Misconduct: Testifying During Closing Argument

Finally, the defendant argues that the court erred in allowing counsel for the government to testify during his closing argument.  Yet, in his motion, the defendant simply refers to "the government's attorney 'testifying,'" without citing any specific examples of the alleged "testimony."  Because the defendant has failed to specify the alleged improper statements, the court cannot find that such statements prejudiced the defendant's substantial rights.  The court therefore rejects this argument as well.

**CONCLUSION**

Accordingly, it is hereby ORDERED that defendant's motion for a new trial (doc. 42) is DENIED.

**DONE AND ORDERED** this 6th day of July, 2011.


s/ *M. Casey Rodgers*

**M. CASEY RODGERS**
**CHIEF UNITED STATES DISTRICT JUDGE**